NUMBER 13-09-00531-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

MICHAEL LEE DELGADO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court

of Victoria County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Garza


 Memorandum Opinion by Chief Justice Valdez
 

 On March 18, 2005, a jury convicted appellant, Michael Lee Delgado, of the offense
of indecency with a child, a second-degree felony. See Tex. Penal Code Ann. §
21.11(a)(1), (d) (Vernon Supp. 2009). The jury assessed punishment at ten years'
imprisonment in the Institutional Division of the Texas Department of Criminal Justice, with
the sentence suspended and community supervision imposed, plus a $10,000 fine. On
June 19, 2009, the State filed a motion to revoke, alleging various violations of the terms
of Delgado's community supervision. Delgado pleaded "true" to failing to: (1) pay
supervision fees; (2) pay fines; and (3) report on several occasions. Following a hearing,
the trial court accepted Delgado's pleas of "true" and found those violations to be true. The
trial court also found that Delgado committed additional violations listed in the State's
motion to revoke by: (1) leaving the county of approved residence without first obtaining
written permission; (2) failing to complete 600 hours of community service restitution; and
(3) failing to attend a sex offender treatment program. The trial court sentenced Delgado
to ten years' imprisonment and assessed a $10,000 fine. Delgado appeals the revocation
of his community supervision. We affirm. I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Delgado's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Though counsel presents "issues" in his brief, he concludes that these "issues" lack merit
and that any appeal in this case would be frivolous. See id. Counsel's brief meets the
requirements of Anders as it presents a professional evaluation demonstrating why there
are no arguable grounds to advance on appeal. See In re Schulman, 252 S.W.3d 403,
407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance
'arguable' points of error if counsel finds none, but it must provide record references to the
facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v.
State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v.
State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Delgado's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Delgado, and (3) informed Delgado
of his right to review the record and to file a pro se response. (1) See Anders, 386 U.S. at
744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. 
More than an adequate period of time has passed, and Delgado has not filed a pro se
response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Delgado's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send
a copy of the opinion and judgment to Delgado and to advise him of his right to file a
petition for discretionary review. (2) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

10th day of June, 2010. 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should Delgado wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3, 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.